IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HENDERSON,<br><br>      Plaintiff,<br><br>  v.<br><br>OAKLAND HOUSING AUTHORITY POLICE DEPARTMENT: SGT. RUIZ, et al.,<br><br>      Defendants.<br>_____/ | No. C 13-01011 SBA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff filed this pro se civil rights complaint under 42 U.S.C. § 1983. He also requests leave to proceed in forma pauperis.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**I.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

1    A supervisor may be liable under § 1983 upon a showing of personal involvement in the
2 constitutional deprivation or a sufficient causal connection between the supervisor's wrongful
3 conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th
4 Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for
5 constitutional violations of his subordinates if the supervisor participated in or directed the
6 violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d
7 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so
8 deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the
9 constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th
10 Cir. 2001).

11 **II.    Exhaustion**

12    A threshold issue is whether Plaintiff has exhausted available administrative remedies with
13 respect to each claim. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat.
14 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with
15 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
16 confined in any jail, prison, or other correctional facility until such administrative remedies as are
17 available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed
18 unless the prisoner exhausted his available administrative remedies before he filed suit, even if the
19 prisoner fully exhausts while the suit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th
20 Cir. 2002).

21    "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether
22 they involve general circumstances or particular episodes, and whether they allege excessive force
23 or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available"
24 remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain,
25 speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even
26 when the prisoner seeks relief not available in grievance proceedings, notably money damages,
27 exhaustion is a prerequisite to suit. Id. at 741. The purposes of the exhaustion requirement include
28 allowing the prison to take responsive action, filtering out frivolous cases and creating an

1  administrative record.  See Porter, 534 U.S. at 525.  A prisoner's concession that he has not

2  exhausted his claims is a valid ground for dismissal, so long as no exception to the exhaustion

3  requirement is applicable.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S.

4  810 (2003).  A claim may thus be dismissed without prejudice if it is clear from the record that the

5  prisoner has conceded that he has not exhausted his administrative remedies.  Id.

6        Here, Plaintiff acknowledges in his Complaint that he did not utilize the prison's grievance

7  system, as he was unaware of the procedure for exhausting his claims.  (Compl. at 2.)  However, an

8  inmate's lack of awareness of the existence of the facility's grievance procedure does not render that

9  procedure unavailable when the inmate could have learned of the procedure with reasonable effort.

10 Albino v. Baca, 697 F.3d 1023, 1040 (9th Cir. 2012), rehearing en banc granted by Albino v. Baca,

11 709 F.3d 994 (9th Cir. Mar. 12, 2013).  Based on the record presented, it is apparent that Plaintiff

12 has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  Accordingly,

13 the claims alleged in Plaintiff's complaint are DISMISSED with leave to amend to establish that he

14 exhausted all of his claims against each Defendant before he filed this action.  If Plaintiff did, in fact,

15 exhaust his administrative remedies with respect to any or all of those claims before filing this

16 action, he may amend his complaint to so allege, as set forth below.

17 **III.**    **Named Defendants**

18       The only Defendants named in this complaint are the following officers from the Oakland

19 Housing Authority Police Department: Sgt. Ruiz (#1052); Officer Watson (#1001); Officer Carroll

20 (#1090); Officer Zimiga (#1065); Officer Thomas (#1078); and Officer Tinoco (#1088).  In his

21 amended complaint, Plaintiff must identify by name or as Doe Defendants each individual who

22 allegedly caused a violation of his constitutional rights and must link each defendant to a specific

23 constitutional violation -- i.e., state what that defendant did that caused the violation of Plaintiff's

24 constitutional rights.  See Leer v. Murphy, 844 F.2d at 634 (liability may be imposed on individual

25 defendant under §1983 only if plaintiff can show that defendant proximately caused deprivation of

26 federally protected right).  Conclusory allegations of wrongdoing, similar to his allegations in the

27 instant complaint, will not do.  Id.  A person deprives another of a constitutional right within the

28 meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or

omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. As mentioned above, Plaintiff is cautioned that there is no respondeat superior liability under § 1983. See Taylor, 880 F.2d at 1045. That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Id.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Within **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 13-01011 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original complaint by reference. **Plaintiff's failure to file an amended complaint by the deadline will result in the dismissal of this action without prejudice.**

2.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3.   The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 12/9/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.13\Henderson1011.DWLA(unexh).wpd